# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-0801V
### Filed: February 5, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| JENNIFER CIRILLO, | * | |
| | * | |
| Petitioner, | * | Damages Decision Based on Proffer; |
| | * | Influenza ("flu") Vaccine; Shoulder Injury |
| | * | Related to Vaccine Administration; |
| SECRETARY OF HEALTH | * | ("SIRVA") Special Processing Unit |
| AND HUMAN SERVICES, | * | ("SPU") |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Diana Sedar, Maglio Christopher and Toale, PA, Sarasota, FL, for petitioner.*
*Gordon Shemin, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On July 28, 2015, Jennifer Cirillo ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleged that she received a trivalent influenza ("flu") vaccine on October 2, 2014, and thereafter suffered a shoulder injury related to vaccine administration ("SIRVA"). The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On November 9, 2015, the undersigned issued a ruling on entitlement finding petitioner entitled to compensation for SIRVA. On February 4, 2016, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $95,000.00. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered award.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $95,000.00 in the form of a check payable to petitioner, Jennifer Cirillo.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____

JENNIFER CIRILLO,

        Petitioner,

        v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.
_____

No. 15-801V

Chief Special Master Dorsey

ECF

## PROFFER ON AWARD OF COMPENSATION

**I.    Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded

$95,000.00, which represents all elements of compensation to which petitioner would be entitled

under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.    Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made

through a lump sum payment of $95,000.00 in the form of a check payable to petitioner.[1]

Petitioner agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

        Respectfully submitted,

        BENJAMIN C. MIZER
        Principal Deputy Assistant Attorney General

---

[1]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

LINDA S. RENZI
Senior Trial Counsel
Torts Branch, Civil Division

/s/ Gordon Shemin
GORDON SHEMIN
Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46
Benjamin Franklin Station
Washington, D.C.  20044-0146
(202) 616-4208

Dated:  February 4, 2016